IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARIUS D. BROADNAX, | § | |
| | § | |
| Defendant Below, | § | No. 293, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0304012678 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 27, 2016
Decided: September 26, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 26th day of September 2016, after careful consideration of Darius D. Broadnax's opening brief, the State's motion to affirm, and the record on appeal, the Court concludes that the May 10, 2016 order of the Superior Court dismissing Broadnax's third motion for postconviction relief and denying his motion for appointment of counsel should be affirmed.[1] The postconviction motion was subject to summary dismissal under Superior Court Criminal Rule 61 because it was Broadnax's third motion for postconviction relief and he failed to plead with particularity the existence of new evidence that created a strong inference of actual

---

[1] *State v. Broadnax*, 2016 WL 2770515 (Del. Super. Ct. May 10, 2016).

innocence or a new rule of constitutional law that was retroactively applicable.[2]
Contrary to Broadnax's contentions, *Martinez v. Ryan*[3] does not stand for the
proposition that he may "re-do" his first postconviction proceeding with appointed
counsel.[4]

We note that this is Broadnax's third unsuccessful motion for postconviction
relief. We will not continue to invest scarce judicial resources to address untimely
and repetitive claims. We encourage Broadnax to be mindful of Rule 61(j).[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is
GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[2] Super. Ct. Crim. R. 61(d)(2).
[3] —— U.S. ——, 132 S.Ct. 1309 (2012).
[4] *See, e.g., Riley v. State*, 2014 WL 98643, at *1 (Del. Jan. 9, 2014) (rejecting argument that a defendant who proceeded without counsel in first postconviction proceeding was entitled under *Martinez* to "re-do" his first postconviction proceeding with appointed counsel).
[5] Super. Ct. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").